IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN D. SWEARINGEN, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Civil Action |
| ) | No. 04-3542-CV-S-FJG-H |
| ROBERT McFADDEN, Warden, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges his sentence. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because this Court lacks jurisdiction of petitioner's claims, it will be recommended that petitioner be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he received a sentence of 204 months as a felon in possession of a firearm, when he should have received a sentence of no more than 96 months under the guidelines.

The law is clear that a petitioner who seeks to attack the validity of a federal sentence must do so in the sentencing court pursuant to 28 U.S.C. § 2255 unless it appears that the motion is inadequate or ineffective to test the validity of the detention. E.g., Winston v. Mustain, 562 F.2d 565, 566 (8th Cir. 1977). Even if a specific claim was previously raised pursuant to § 2255 and denied, this does not necessarily demonstrate that the remedy is ineffective. Campbell v. Clark, 274 F. Supp. 556, 560 (D.Mn. 1967). A petitioner has the burden, moreover, of showing that the "inadequate or ineffective" test has been

met. Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam). Petitioner has failed to satisfy that burden in this case.

Whatever the merits of petitioner's complaint, the action is improperly filed under the provisions of 28 U.S.C. § 2241. The matters raised are cognizable, if at all, pursuant to 28 U.S.C. § 2255 in the sentencing district. Because this Court lacks jurisdiction of petitioner's claim, it must therefore be recommended that the petition herein for writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner should be denied leave to proceed in forma pauperis, and that the petition herein for writ of habeas corpus should be dismissed without prejudice.

        /s/ James C. England
        JAMES C. ENGLAND
        United States Magistrate Judge

Date: 11/30/04